DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cr-0016 |
| ) | |
| HERBERT MASON FERGUSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
　　*For the United States of America,*

**George H. Hodge, Jr.**
St. Thomas, U.S.V.I.
　　*For Herbert Mason Ferguson.*

## MEMORANDUM OPINION

**MOLLOY, J.**

**BEFORE THE COURT** is the petition of Herbert Mason Ferguson to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (ECF No. 441.) For the reasons stated below, the Court will deny the petition.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 12, 2011, a federal grand jury returned an Indictment in this Court charging Herbert Mason Ferguson ("Ferguson") and several other co-defendants with fifty-three crimes arising out of an alleged drug trafficking conspiracy. On July 13, 2011, Ferguson pled guilty to participating in a drug trafficking conspiracy and five other related crimes. The

*United States v. Ferguson*
Case No. 3:11-cr-0016
Memorandum Opinion
Page 2 of 12

Court sentenced Ferguson to 63 months incarceration to be followed by 5 years of supervised release. Ferguson did not appeal. Following an amendment to the applicable sentencing guidelines, the Court later reduced Ferguson's term of imprisonment to 51 months.

At the time Ferguson pled guilty, he was a legal permanent resident of the United States and a citizen of St. Lucia. On April 10, 2015, the U.S. Department of Homeland Security initiated removal proceedings against Ferguson. On September 23, 2015, a hearing was held on Ferguson's notice of removal, after which the immigration judge found that Ferguson was subject to removal and ordered Ferguson to be removed to St. Lucia. On August 10, 2016, Ferguson was granted a one-year deferral of removal. Ferguson remains on supervised release but has since been removed to St. Lucia.

On February 28, 2017, Ferguson filed a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (the "Section 2255 petition"). Ferguson asserts that, prior to pleading guilty, neither his trial counsel nor the Court advised him that his guilty plea could result in adverse immigration consequences, namely Ferguson's potential removal from the United States. Ferguson argues that this failure to advise rendered his guilty plea involuntary, violated his Sixth Amendment right to adequate legal representation, and violated his due process rights.

On June 28, 2017, the magistrate judge ordered the United States to respond to Ferguson's petition. In that order, the magistrate judge observed that Ferguson's judgement of conviction became final on September 14, 2012, placing his Section 2255 petition well outside the one-year statute of limitations for Section 2255 petitions that began to run on

that date. The magistrate judge noted, however, that Section 2255 established an alternate one-year limitations period that begins to run on the date that "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," and using this period, "an argument for timeliness could possibly be made." *See* ECF No. 444 at 3. In addition, the magistrate judge noted that the limitations period for Section 2255 petitions is subject to equitable tolling, under which Ferguson's Section 2255 petition "may be timely." *See id.* at 4.

On July 28, 2017, the United States filed an opposition to Ferguson's Section 2255 petition. The United States argued that Ferguson was not entitled to relief on the merits. The United States did not address the timeliness of Ferguson's petition. On August 1, 2017, Ferguson replied to the United States' opposition. Ferguson did not address the timeliness of his petition.

On February 11, 2019, the magistrate judge entered a report and recommendation recommending that the Court deny Ferguson's Section 2255 petition as untimely. There, the magistrate judge stated:

> "[T]he ultimate burden of establishing any claims, including those of timeliness under § 2255, lies with the Defendant." *United States v. Soto*, 159 F. Supp. 2d 39, 45 (E.D. Pa. 2001). In this case, neither party addressed the timeliness of defendant's motion. Nevertheless, the Court sua sponte concludes that it is untimely under 28 USC §§ 2255(f)(1) and (4).
> Under subsection (1), a defendant has one year from "the date on which the judgment of conviction becomes final" to file for habeas relief under § 2255. 28 U.S.C. § 2255(f)(1). Here, defendant's judgment of conviction was entered on August 24, 2012 and he did not appeal his sentence. Therefore, his judgment of conviction became final fourteen days later, on September 7, 2012. *See* Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6). Defendant's motion, which was filed on February 28, 2017, is thus untimely on its face.

> Under subsection (4), a defendant has one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 USC § 2255(f)(4). Under that provision, a defendant is given "the benefit of a later starting date of the limitations period only if vital facts could not have been known by the date that his conviction became final." *Blay v. United States*, 2013 WL 1163758, at *3 (D.N.J. Mar. 18, 2013) . . . .
>
> Here, though defendant does not invoke subsection (4), the Court finds that even if he did, it would not toll the one-year limitations period. Although it is unclear exactly when defendant learned that he might face deportation, it is apparent from the record that, at the very latest, he was aware of that fact on September 23, 2015, the date the immigration judge determined that he was subject to removal. *See* [ECF 441-5]. Thus, defendant's motion, which was filed almost 19 months later, was untimely. *See United States v. Cazarez-Santos*, 655 F. App'x 543, 545-46 (9th Cir. 2016) (denying defendant's motion for habeas relief based on potentially adverse immigration consequences as untimely under 28 USC § 2255(f)(4)) . . . .

ECF No. 452 at 9-10 (footnote omitted).

On February 20, 2019, Ferguson filed an objection to the magistrate judge's report and recommendation. Ferguson appears to raise four objections. First, he asserts that he "was not aware of the *Padilla v. Kentucky* decision that 'ineffective assistance of counsel' is of a 'fundamental character' to warrant vacating his conviction until sometime around January 2017." *See* ECF No. 453 at 1. Ferguson argues his petition was timely under Section 2255(f)(4) because he filed it within a year of that date. Second, Ferguson argues that the Court must apply territorial equitable tolling law and that his petition is timely under that standard. Third, Ferguson appears to argue that the magistrate judge decided the issue of timeliness *sua sponte* without giving Ferguson notice and an opportunity to respond. Fourth, Ferguson appears to argue that, to the extent his Section 2255 petition was procedurally barred as untimely, the Court should have construed it as a petition for a writ of *coram nobis*.

## II. LEGAL STANDARD

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. Appx. 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

## III. ANALYSIS

Ferguson raises four objections to the magistrate judge's report and recommendation. The Court will review these portions of the report and recommendation

*de novo*. The Court will review the remainder of the report and recommendation for clear error.

### A. Timeliness under 28 U.S.C. § 2255(f)(4)

Section 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under [Section 2255]." 28 U.S.C. § 2255(f). The 1-year period runs from the latest of several dates.[1] Relevant here, Section 2255(f)(4) provides for the limitation period to begin running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "In other words, the prisoner has one year to file from the date on which he should have discovered the facts underlying the claims made in the § 2255 motion." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (citing *Wims v. United States,* 225 F.3d 186, 190 (2d Cir.2000)).

Ferguson argues that the limitations period should begin to run "sometime around January 2017" when he discovered the existence of *Padilla v. Kentucky*, *see* ECF No. 453 at 1, which held that the Sixth Amendment requires counsel to advise defendants of the potential adverse immigration consequences of a guilty plea, *see Padilla v. Kentucky*, 559 U.S. 356, 360 (2010). Significantly, the 1-year limitations period begins to run when a petitioner discovers

---

[1] Those for periods are
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f). Ferguson does not dispute that his petition was untimely under subsection (1) or that subsections (2) and (3) are not applicable here.

the *facts* supporting his claim, not when he discovers the legal significance of those facts. *See, e.g., Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (quoting *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000))).

Ferguson was removed pursuant to 8 U.S.C. § 1227(a)(2)(iii), which provides for the removal of "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(iii). An aggravated felony is defined, in relevant part, as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Ferguson was aware (or should have been aware) of the adverse consequences of his guilty plea, at the very latest, when he suffered those consequences and was ordered removed on September 23, 2015. *Cf. United States v. Aholelei*, 745 F. App'x 689, 690 (9th Cir. 2018) ("It is undisputed that, in the fall of 2013, Aholelei spoke to his newly retained immigration counsel and learned that his guilty-plea conviction involved an aggravated felony that would almost certainly result in removal. Thus, Aholelei knew, or through due diligence could have discovered, the facts supporting his claim more than one year before he filed his petition in January 2017."). Ferguson did not file his Section 2255 Petition until February 28, 2017, which was well outside Section 2255's 1-year limitations period.

### B. Equitable Tolling

The 1-year limitations period under Section 2255 is subject to equitable tolling. *See Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). Ferguson argues

that the Court must apply Virgin Islands law to determine whether the 1-year limitations period should be tolled. He is wrong. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 650 (2010) ("Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law.").

Equitable tolling is warranted only if a petitioner demonstrates that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). When determining whether equitable tolling is appropriate, a court must consider "the totality of the circumstances." *United States v. Doe*, 810 F.3d 132, 148 (3d Cir. 2015). "[C]ourts should be sparing in their use of this doctrine," and apply it only where "'the principles of equity would make the rigid application of a limitation period unfair.'" *LaCava v. Kyler*, 398 F.3d 271, 275–76 (3d Cir. 2005) (quoting *Miller*, 145 F.3d at 618).

Ferguson argues he is entitled to equitable tolling because "he was not aware he was eligible of an 'ineffective assistance of counsel' § 2255 motion until around January 2017." *See* ECF No. 453 at 2. When determining whether a petitioner's circumstances were "extraordinary," the proper inquiry is "how severe an obstacle it creates with respect to meeting [Section 2255]'s one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Simple lack of knowledge of relevant case law, without more, is not an extraordinary circumstance. *See Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013) ("[L]ack of legal knowledge or legal training does not alone justify equitable tolling."); *see also, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("'[I]gnorance of the law, even for an

*United States v. Ferguson*
Case No. 3:11-cr-0016
Memorandum Opinion
Page 9 of 12

incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999))). Thus, the Court will reject this argument.

### C. *Sua Sponte* Invocation of Limitations Period by Magistrate Judge

While not entirely clear, Ferguson appears to argue that the magistrate judge erred by invoking the limitations period *sua sponte* and failing to provide Ferguson notice and an opportunity to be heard.

District courts may raise Section 2255's limitations period *sua sponte*, even after the United States has answered a petitioner's Section 2255 petition and waived that defense. *See United States v. Bendolph*, 409 F.3d 155, 168 (3d Cir. 2005). When a district court does so, however, it must provide the petitioner "adequate notice of the issue and an opportunity to respond" and determine whether the petitioner would be prejudiced by the dismissal. *See id.*

In *Bendolph*, the petitioner filed an untimely Section 2255 petition on October 18, 1998. *Id.* at 158. The government answered the petition on December 17, 1998. *Id.* at 159. That answer did not raise a limitations defense. *Id.* On August 24, 2000, the district court entered an order "suggesting the case was untimely" and "invited the parties to brief the issue." *Id.* The Government responded and agreed with the district court that the petition was untimely. *Id.* On January 3, 2001, the district court dismissed the Section 2255 petition. *Id.* On appeal, the Third Circuit affirmed. *Id.* at 158.

First, that the district court gave the petitioner notice and an opportunity to respond "was plain from the [district court]'s August 24, 2000[,] order and [the petitioner]'s memorandum in response." *Id.* at 169. With respect to prejudice, while the nearly 2-year delay between the filing of the Section 2255 petition and the district court's flagging of the

timeliness issue could have been "strong evidence of prejudice in another case," it presented no significant issues in that case: There was "no evidence that [the petitioner] had commenced costly or time-consuming discovery, suffered a loss or a diminution of his ability to prepare his case, or lost another litigation opportunity elsewhere." *Id.* In addition, after raising the issue, the district court afforded the petitioner an amble opportunity to respond and there was no evidence of bad faith on the part of the government. *Id.*

Here, Ferguson filed his Section 2255 petition on February 28, 2017. On June 5, 2017, the magistrate judge ordered the United States to respond. In that order, the magistrate judge noted that Ferguson had asserted that "his 'motion is timely'" but that "his argument as to timeliness seems to rest solely on his claim that he is currently 'serving a five (5) year term of supervised release' and 'thus was still a prisoner in custody at the time his petition was filed.'" ECF No. 444 at 4 n.9 (alterations omitted). The magistrate judge also observed that Ferguson's judgment became final on September 14, 2012, which would render Ferguson's Section 2255 petition untimely under Section 2255(f)(1). The magistrate judge noted that "an argument for timeliness could *possibly* be made under . . . [Section] 2255(f)(4)" and that under either that provision or through equitable tolling Ferguson's Section 2255 petition "*may* be timely." *Id.* at 3-4 (emphasis added).

While the magistrate judge's order could have more explicitly directed Ferguson to address the timeliness of his Section 2255 petition, given that Ferguson is represented by counsel, the Court finds that the magistrate judge's order provided Ferguson sufficient notice that the Section 2255 limitations period was on the table. *Cf. Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("Second, notice and an opportunity to respond are particularly

appropriate when the prisoner is *pro se*, . . . and the long-standing practice is to construe *pro se* pleadings liberally."). Moreover, Ferguson was afforded the opportunity to object to the magistrate judge's report and recommendation, an opportunity which he took advantage of. *Cf. Nixon v. Beard*, 361 F. App'x 304, 306 (3d Cir. 2010) (holding that petitioner was not afforded adequate opportunity to respond to magistrate judge's *sua sponte* invocation of limitations period and recommendation of dismissal where district judge adopted report and recommendation before receiving petitioner's objection).

With respect to prejudice, the issue of timeliness was first raised less than 4 months after Ferguson filed his Section 2255 petition, much less than the 2-year period at issue in *Bendolph*. *See* 409 F.3d at 169. And like in *Bendolph*, there has been no discovery in this matter, no evidence that Bendolph "suffered a loss or a diminution of his ability to prepare his case, or lost another litigation opportunity elsewhere," and no indication of bad faith on the part of the government. *See id.*

### D. Coram Nobis

Finally, Ferguson appears to argue that, to the extent his Section 2255 petition was procedurally barred as untimely, the Court should have construed it as a petition for a writ of *coram nobis*. Ferguson is still in custody for the purposes of Section 2255. "[C]oram nobis is not available when a petitioner is in custody and may not be used to avoid AEDPA's gatekeeping requirements." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *see also United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000) ("There is no basis here for coram nobis relief, because Baptiste is still in custody."). Accordingly, Ferguson's argument on this issue is unavailing.

*United States v. Ferguson*
Case No. 3:11-cr-0016
Memorandum Opinion
Page 12 of 12

## IV. CONCLUSION

The Court has reviewed the portions of the magistrate judge's report and recommendation to which Ferguson objected to de novo and agrees with each of them. Having reviewed the remainder of the report and recommendation for clear error, the Court finds none. Accordingly, the Court will adopt the magistrate judge's report and recommendation and dismiss Ferguson's 2255 petition. An appropriate order follows.

**Date:** July 6, 2020                         */s/ Robert A. Molloy*
                                               **ROBERT A. MOLLOY**
                                               **District Judge**